UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| TAMRA STEWARD AND<br>BILLY R. STEWARD | CIVIL ACTION 3-04-1544 |
| VERSUS | U.S. DISTRICT JUDGE ROBERT G. JAMES |
| P. O. INVESTMENTS, INC. | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is defendant, United States', Motion to Dismiss or for Summary Judgment, **Doc. # 24**, referred to me by the district judge for Report and Recommendation.

Plaintiff, Tamra Steward (Steward), a postal patron at the Pioneer Post Office, sued the owner, P. O. Investments, Inc. (P O), and lessee, United States (Post Office), for damages for injuries she alleges she sustained when she slipped on some rocks on the paved parking lot after retrieving her mail. Plaintiff claims that, on June 24, 2003, she stopped by the post office to pay her box rent. The parking lot in front of the post office is paved with concrete (see photo, Reply Memorandum, Exh. 2) and a sidewalk runs beside the front of the building to near the front door, where it steps up to the concrete parking lot. A gravel parking lot abuts both the sidewalk and the concrete parking lot. As plaintiff walked out of the building and toward her car on the paved lot, she walked around a concrete bumper as shown in the photo. She got almost to the sidewalk when, she says, her "foot started to slip on the gravel and my foot buckled under." Steward says that as she walked to her car, there were rocks or gravel on the pavement. In her deposition, plaintiff agreed that "[i]t was just a rock here, a rock there. This whole area wasn't covered in

gravel." However, she said that "there were rocks everywhere." Plaintiff surmised that the rocks were "brushing up" as cars pull up to the bumper and in front of the post office probably they get scattered...." Plaintiff slipped on the paved part of the lot.

Plaintiff's husband sues for loss of consortium.

## Summary Judgment Standard

The government has filed a motion to dismiss for lack of subject matter jurisdiction, asserting that it has not waived sovereign immunity. Alternatively, it claims that it is entitled to summary judgment on the merits. Where the factual findings are "intertwined with the merits," the motion to dismiss is treated as an attack on the merits. Clark v. Tarrant County, Texas, 798 F.2d 736, 741-2 (5th Cir. 1986). Subject matter jurisdiction and the merits are considered intertwined where the same statute provides both the basis for subject matter jurisdiction and the cause of action. Id. At 742. In this case, the FTCA, 28 U.S.C. 1346(b)(1), provides the basis both for jurisdiction and the cause of action against the United States. In such a case we approach the jurisdictional challenge as an attack on the merits and employ the standard applicable to a motion for summary judgment. Clark, 798 F.2d at 742.

Rule 56 of the Federal Rules of Civil Procedure mandates that a summary judgment:
"shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, [submitted concerning the motion for summary judgment], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

"When a motion for summary judgment is made and supported as provided in this

rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

Local Rule 56.2W also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

A party seeking summary judgment always bears the initial burden of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 106 S.Ct. 2548 at 2552; International Ass'n. of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co., Inc., 812 F.2d 219, 222 (5th Cir. 1987). However, movant need not negate the elements of the nonmovant's case. Little v. Liquid Air Corporation, 37 F.3d 1069, (5th Cir. 1994). Once this burden has been met, the non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." Izen v. Catalina 382 F.3d 566 (5th Cir. 2004); Fed. R. Civ. P. 56(e). All evidence must be considered, but the court does not make credibility determinations. If the movant fails to meet its initial burden, summary judgment should be denied. Little, 37 F.3d at 1075.

However, the non-movant, to avoid summary judgment as to an issue on which it would

bear the burden of proof at trial, may not rest on the allegations of its pleadings but must come forward with proper summary judgment evidence sufficient to sustain a verdict in its favor on that issue. Austin v. Will-Burt Company, 361 F. 3d 862, (5th Cir. 2004). This burden is not satisfied with "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or by only a "scintilla" of evidence. Little, id.

In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Celotex at 2553.

Analysis

Sovereign Immunity

The United States first argues that it is immune from suit by plaintiffs for premises liability claims.

The United States is immune from suit, except to the extent it has waived its sovereign immunity. FDIC v. Meyers, 510 U.S. 471, 477 (1994). The FTCA is a limited waiver of this sovereign immunity, allowing suits "for damages 'caused by the negligent or wrongful act or omission of any employee of the Government...'." Aretz v. United States, 604 F.2d 417, 426 (5th Cir. 1979) (quoting 28 U. S.C. 1346(b)). This waiver requires the Court to focus on the specific "actor whose negligence might be imputed to the government under state law." Berkman v. United States, 957 F.2d 108, 113 (4th Cir. 1992).

The Alexandria division of this district has held that the FTCA waiver does not include suits for general premises liability. Cupit v. United States, 964 F.Supp. 1104 (W.D. La. 1997). While not binding on the Monroe division, I choose to follow the well-reasoned and correct

analysis in Cupit.

Plaintiffs argue, however, that they have asserted the negligence, generally, of employees of the government and therefore, meet the requirements of the FTCA. However, the FTCA requires the Court to focus on the acts of specific employees of the government, Berkman, supra; otherwise, the FTCA's limiting provision would have no meaning. Because the government must act through its agents and employees, Cupit implicitly rejected such an argument by holding that the government's consent to be sued for wrongful acts of employees does not include suits for general premises liability.

The United States is immune from suit.

The merits

Even if the government were not immune from suit, summary judgment should be granted for the reasons stated in Section 2 of the Report and Recommendation issued this date on Motion for Summary Judgment, Doc. 21, which reasons are adopted here.

For the foregoing reasons, I find that there are no genuine issues of material fact and that the United States is entitled to judgment as a matter of law.

Therefore, IT IS RECOMMENDED that the motion to dismiss and for summary judgment, Doc. #24, be GRANTED.

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of

filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING**
**ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

July 7, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE